

450 7th Avenue, 40th Floor, New York, NY 10123
kleinmoynihan.com · 212.246.0900

October 21, 2021

**Via CM/ECF**

Honorable John Koeltl
U.S. District Court Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *Cody Pepper, et al. v. Fluent, Inc. and Reward Zone USA, LLC*,
             Case No. 1:21-cv-06581-JGK

Dear Judge Koeltl:

     As counsel Defendants, Fluent, Inc. and Reward Zone USA, LLC in the referenced matter, I write to request a pre-motion conference for the Defendants' anticipated Motion to Dismiss.

     This case involves six plaintiffs who allege individual and putative class claims for supposed violations of the Telephone Consumer Protection Act ("TCPA"). They assert claims based on three provisions of the TCPA, that statute's implementing regulations, and certain state laws. Their claims purport to arise from 30 text messages.

     These claims should be dismissed for four distinct reasons. *First*, the allegations in Complaint show that 26 of the 30 text messages are not traceable to either Defendant (the "Unaffiliated Messages"). *Second*, text messages cannot serve as a basis for alleged violations of the TCPA's restriction on calls using a prerecorded voice. *Third*, nearly 75% of the disputed text messages, including all of the texts that are not Unaffiliated Messages, were sent within the permissible 8am to 9pm time window prescribed by the TCPA's implementing regulations. *Fourth*, Plaintiffs Cody Pepper, Kimberly Hudson, and Allison Powers lack standing, and the Court should decline to exercise supplemental jurisdiction over their state law claims.

     ***No Traceability.*** TCPA jurisprudence provides that a party can be held either (a) directly liable for a statutory violation sending an unsolicited text message or (b) vicariously liable for a statutory violation by authorizing a third party to send the text message on its behalf. *In re DishNetwork*, 28 F.C.C. Rcd. 6574, 6583-84 (2013). For example, where a text message recipient clicks on a hyperlink in the message that directs

*Honorable John Koeltl*
*Southern District of New York*
*Pepper, et al. v. Fluent, Inc., et al.*
*Page 2*
*October 21, 2021*

her to a particular website (the landing page), the sender of the message could be directly liable for TCPA violations associated with that message, and the owner-operator of the landing page could be vicariously liable for the sender's statutory violation. *See An Phan v. Agoda Company Pte., Inc.*, 351 F. Supp. 3d 1257 (N.D. Cal. 2018).

The allegations concerning the 26 Unaffiliated Messages demonstrate that the Plaintiffs are trying to impermissibly expand the TCPA's established boundaries. For example, Plaintiff Allison Powers alleges that she received a message containing a hyperlink, which, when she clicked it, directed her to angelprize.com, a website not associated with either Defendant. If Powers were to have a TCPA claim based on this text message, such a claim would be limited to the sender of the message and the owner of the landing page, angelprize.com. The Defendants are neither of those. To the contrary, the Complaint's allegations are unambiguous that it was Powers' independent actions after arriving at angelprize.com (answering prompts, clicking on unrelated links on the landing page, and engaging in an undetermined amount of Internet browsing) that "eventually" led her to a Reward Zone website. Doc. 1 ¶¶119-21.

The other Plaintiffs' claims include nearly identical allegations detailing their own intervening actions that were required to get from a text message that neither Defendant sent, to a landing page neither Defendant owns or operates, and eventually navigated their way to a Reward Zone website. The connection is far too attenuated to rise to the level of a plausible claim fairly traceable to one of the Defendants. *See Bell Atlantic Corp. v. Twombley*, 555 U.S. 544, 570 (2007).

***Text Messages Do Not Have a Voice.*** The TCPA restricts telemarketers from placing calls using a prerecorded voice. 47 U.S.C. § 227(b). To succeed on a prerecorded voice claim, the plaintiff must prove that she received a call from the defendant who used a prerecorded voice and that the plaintiff actually heard the voice. *Ybarra v. DishNetwork, LLC*, 807 F.3d 635, 640-41 (5th Cir. 2015). Text messages do not have a voice. *Glauser v. GroupMe, Inc.*, No. C 11-2584 PJH, 2015 WL 475111, at *6 (N.D. Cal. Feb. 4, 2015).

A statute's plain language guides the Court's interpretation. *Tyler v. Douglas*, 280 F.3d 116, 122 (2d Cir. 2001) (cleaned up). The TCPA unambiguously restricts placing calls *using* a prerecorded voice. The plain language of the statute leaves no doubt that text messages are incapable of giving rise to a prerecorded voice claim. It is unsurprising then that there is no authority supporting the notion that receipt of a text message may serve as the basis for an artificial or prerecorded voice claim. This makes sense, of course. When a user opens a text message, she does not hear anything; she only sees the text message. By claiming that a prerecorded voice message could be a video embedded on a website that a text message recipient can only access after exiting that text message, the Plaintiffs misinterpret the TCPA by seeking to completely write the word "using" out of the statute.

*Honorable John Koeltl*
*Southern District of New York*
*Pepper, et al. v. Fluent, Inc., et al.*
*Page 3*
*October 21, 2021*

  Other language within the statute offers further clarity. Specifically, 47 U.S.C. § 227(d)(3) instructs the Federal Communications Commission to prescribe standards for use of artificial or prerecorded voice messages. Section 227(d)(3)(B) provides that systems used to transmit an artificial or prerecorded voice message must release a called party's telephone line within 5 seconds after "the called party has hung up." *Id*. A text message does not create a connection from which a called party can hang up. The unambiguous text of the statute demonstrates that a text message does not implicate the TCPA's artificial or prerecorded voice restrictions.

  ***No Time-Window Violations.*** The TCPA's implementing regulations permit telemarketing only between the hours of 8am and 9pm local time. 47 C.F.R. §64.1200(c)(1). As the Plaintiffs admit in their Complaint, 22 of the 30 subject text messages, including all four of the text messages that are not Unaffiliated Messages (the "Fluent-Site Messages"), were all sent within the permitted 8am-9pm time window. The Plaintiffs' time-window claims related to the Fluent-Site Messages should be dismissed accordingly.

  ***Lack of Subject Matter or Supplemental Jurisdiction.*** Three of the Plaintiffs – Cody Pepper, Kimberly Hudson, and Allison Powers – lack standing for all of their claims. The Court should dismiss their accompanying state law claims as a result. Beyond the lack of standing, the state law claims do not share a common nucleus of fact with any of the Fluent-Site Message claims. Considerations of judicial economy, convenience, fairness and comity ordinary guide courts to generally decline to exercise supplemental jurisdiction over state law claims without an underlying basis for original jurisdiction. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006). This Court should do the same.

  The defects in the Plaintiffs' Complaint are not mere pleading deficiencies or procedural shortfalls capable of being remedied. The weaknesses described here are fatal, and any proposed amendment would prove futile. Dismissing these invalid claims serves the interests of judicial economy and saves both parties time, money, and resources. The Defendants respectfully request that this Court set a pre-motion conference and permit them to file a Motion to Dismiss.

           Sincerely,

           Jacob A. Brainard