IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CODY PEPPER, TERRI PEPPER, JULIUS BRYANT, KIMBERLY HUDSON, DEMYA JOHNSON,** and **ALLISON POWERS**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**FLUENT, INC.** and **REWARD ZONE USA, LLC,**<br><br>Defendants. | Case No. 1:21-cv-6581<br><br>Judge John G. Koeltl<br><br>Magistrate Judge Barbara C. Moses |

**REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on October 28, 2021, and exchanged communications thereafter, and submit the following report of their meeting for the Court's consideration.

**I.   SUMMARY OF CLAIMS AND DEFENSES**

**A.   Plaintiff's Summary**

Plaintiffs have brought this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 745 (2012). Plaintiffs also bring related claims under various state law telemarketing prohibitions.

Plaintiffs have alleged in the Complaint that the Defendants violated the TCPA and related state laws by sending unsolicited telemarketing text messages using an automatic telephone dialing system and/or artificial or prerecorded voice and in violation of the TCPA's National Do-Not-Call

Registry rules. Plaintiffs seek to represent several classes of similarly situated individuals who were sent similar unsolicited telemarketing text messages from, or on behalf of, Defendants. Plaintiffs seek injunctive relief and maximum damages available under the TCPA and the related state law statutes.

### B. Defendants' Summary

The Plaintiffs raise claims based on 30 text messages. The Defendants argue that these claims fail for several reasons. First, 26 of the text messages do not have any link to either Defendant even taking the complaint's allegations as true. Neither Defendant sent the remaining 4 messages either. Second, text messages do not have a voice and cannot violate the TCPA's prerecorded voice restriction. Third, neither Defendant uses or has used an autodialer. Fourth, the Court lacks jurisdiction over the state law claims for Plaintiffs Cody Pepper, Kimberly Hudson, and Allison Powers.

## II. SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

### A. General Type of Discovery Needed – Plaintiff

Plaintiff seeks discovery on the following subjects: (1) Defendants' and/or third-party call data and equipment used to make calls to Plaintiffs and the proposed Class members; (2) identification of class members; (3) Defendants' policies and procedures regarding compliance with the TCPA and applicable state law telemarketing rules; (4) any affirmative defenses raised by Defendants; (5) Defendants' negligence or willfulness regarding TCPA violations; (6) Defendants' document retention policies; (7) identification of witnesses; and (8) Defendants' relationship with any third parties that may have relevant information related to this matter. Depending on how discovery develops, however, counsel may need to petition the Court for discovery in excess of that provided by the Federal Rules of Civil Procedure and the Local Rules.

B.      **General Type of Discovery Needed—Defendants**

As of this report, the Defendants anticipate needing discovery that includes: (1) videos or screen shots of the entire path the user takes from clicking on the text message hyperlink to allegedly landing one of the Defendants' websites; (2) the full URL for the page where the text recipient claims to land on a Reward Zone website; (3) the registrars and owners of the landing pages listed in the allegations for the 26 Unaffiliated Messages; (4) evidence underlying each plaintiff's claims; and (5) identifying witnesses and pertinent documents for class certification, summary judgment, and trial.

### III.    ELECTRONIC DISCOVERY AND PRESERVATION OF DOCUMENTS AND INFORMATION

The Parties expect some discovery may be in electronic form and intended to confer on such issues and stipulate or agree amongst themselves to the form or forms in which electronic discovery should be produced or otherwise made available.

### IV.    PROPOSED PRE-TRIAL SCHEDULE

The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York and jointly propose to the Court the discovery plan outlined below:

| EVENT | PROPOSAL |
|---|---|
| Initial Disclosures | November 11, 2021 |
| Deadline to Amend Pleadings | January 3, 2022 |
| Fact Discovery Deadline | September 1, 2022 |
| Plaintiffs' Expert Reports | October 3, 2022 |
| Defendant's Expert Reports | November 3, 2022 |
| Any Reply Reports | November 28, 2022 |
| Class Certification Motion Deadline | November 31, 2022 |
| Defendants' Opposition to Class Certification Motion | 45 days after filing |
| Plaintiffs' Reply to Class Certification Motion | 30 days after the Opposition is filed |
| ADR Deadline | November 3, 2022 |

| Summary Judgment Deadline | 90 days after a ruling on Plaintiffs' class certification motion |
|---|---|
| Pretrial Conference | TBD |

## V.     LIMITATIONS ON DISCOVERY

The parties did not agree to any limitations on the number of interrogatories, requests for production, or requests for admission that may be served, except to the extent provided by the Federal Rule of Civil Procedure and/or the Local Rules of the Southern District of New York.  With respect to the number of depositions, Plaintiffs currently do not anticipate taking more than ten (10) depositions.  In the event that Defendants designate more than one 30(b)(6) witness, such multiple 30(b)(6) witnesses will not count as more than one (1) witness toward the deposition total.  In the event any side seeks to take more than ten (10) depositions, the other side reserves that right to object.  The parties further agree that expert depositions do not count toward the above anticipated limits on the number of depositions.

## VI.    PRIVILEGE LOGS AND PRESERVATION

The Parties do not anticipate any unusual or unique privilege issues. The Parties agree to enter into a Confidentiality Order to govern the production of confidential information and Disclosures, if necessary. The Parties have taken the appropriate steps to preserve discoverable information, including ESI.

## VIII.  ANTICIPATED MOTIONS

None from Plaintiff at this time.

The Defendants anticipate filing a Motion to Dismiss after the pre-motion conference and pending Court approval.

## IX.    SETTLEMENT

Plaintiff is open to class settlement discussions and private mediation but needs discovery in order to make a demand.  The Defendants are open to the idea of settlement, but they maintain

that the Plaintiffs cannot prove any wrongdoing. The parties do not believe a settlement conference would be productive at this time. The parties believe that discovery is needed before any meaningful settlement negotiations might take place.

| | |
|---|---|
| Dated: October 29, 2021 | Respectfully submitted, |
| By: /s/ Thomas A. Zimmerman, Jr. | By: /s/ Jacob A. Brainard |

| | |
|---|---|
| Javier L. Merino, Esq. (5294699)<br>Marc E. Dann**<br>Brian D. Flick**<br>**DANN LAW**<br>372 Kinderkamack Road, Suite 5<br>Westwood, NJ 07675<br><br>Thomas A. Zimmerman, Jr.*<br>Jeffrey D. Blake**<br>*tom@attorneyzim.com*<br>*jeff@attorneyzim.com*<br>**ZIMMERMAN LAW OFFICES, P.C.**<br>77 West Washington Street, Suite 1220<br>Chicago, Illinois 60602<br>(312) 440-0020 telephone<br>(312) 440-4180 facsimile<br>www.attorneyzim.com<br><br>Max S. Morgan, Esquire*<br>Eric H. Weitz, Esquire*<br>**THE WEITZ FIRM, LLC**<br>1528 Walnut Street, 4th Floor<br>Philadelphia, PA 19102<br>Tel: (267) 587-6240<br>Fax: (215) 689-0875<br>max.morgan@theweitzfirm.com<br>eric.weitz@theweitzfirm.com | Jacob A. Brainard, Esq.<br>**Klein Moynihan Turco LLP**<br>450 7th Avenue, 40th Floor<br>New York, NY 10123<br>212.246.0900 |

*Admitted *Pro Hac Vice*

***Pro Hac Vice Anticipated*