**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
Cody Pepper, Terri Pepper, Julius Bryant, Kimberly Hudson, Demya Johnson, and Allison Powers, individually, and on behalf of all others similarly situated,

        Plaintiffs,

  -against-

Fluent, Inc. and Reward Zone USA, LLC,

        Defendants.
------------------------------------------------------x

Case No. 1:21-cv-06581-JGK

**Supplemental Declaration of Daniel J. Barsky in Support of the Defendants' Motion to Compel Arbitration**

Daniel J. Barsky, under the provisions of 28 U.S.C. §1746, declares:

1. I am over eighteen years old and am otherwise competent to make this Declaration.

2. This Declaration serves as a supplement to my first Declaration filed at Doc. 48.

3. I base this Declaration on my own personal knowledge.

4. As Fluent's General Counsel, I am familiar with the company's recordkeeping procedures.

*Information Capture*

5. Fluent uses proprietary software to capture user-entered information from its websites FindDreamJobs.com and OnlinePromoUSA.com (and did when each Plaintiff registered on those websites).

6. That software only captures the user-provided information (*e.g.*, name, phone number, zip code) if and when the user clicks the final call-to-action button.

7. For the Terms and Conditions registration, the user provides their own information in the applicable fields and then, only if the user clicks the final call-to-action button, Fluent's software captures and stores the user data.

8. When Terri Pepper registered on FindDreamJobs.com, Fluent would only have her identifying information if she had filled it out and clicked the "Get Started" button.

9. When Julius Bryant registered on OnlinePromoUSA.com, Fluent would only have his identifying information if he had filled it out and clicked "Submit" on the final page of the registration flow.

*Julius Bryant Landing Page*

10. In my original Declaration, I mistakenly testified that Bryant visited OnlinePromotionsUSA.com to register instead of OnlinePromoUSA.com.

11. These two websites are both landing pages that route to the same Fluent product.

12. As the business records attached to my original Declaration show, Bryant registered on OnlinePromoUSA.com and gave consent to the Terms and Conditions, including the arbitration agreement, through that landing page.

13. The two websites, OnlinePromoUSA and OnlinePromotionsUSA, are the same in all other material ways.

**Computer Code Storage**

14. The pictures and information depicted in my original declaration and in the Memorandum of Law in Support were re-created from Fluent's stored computer code in its database.

15. Fluent stores the code that, when processed through the applicable software, produces the consent flow webpages that were active on a particular date and tied to a particular user's session.

16. Fluent stores the code for each version of a particular website in its database most of which is stored on archive servers.

17. The stored code is tied to a particular user's session on the specific date and time of registration.

18. The stored code is a business record kept in the ordinary course of Fluent's business, made at or near the time of the event by its systems which were designed by Fluent employees who have expertise in designing websites and databases. It is Fluent's regular practice to keep and maintain computer code records like these.

19. The stored code used to produce the consent pages includes the captured user-entered information.

## **Verification**

I declare, under penalty of perjury, that I have read the statements in this Declaration and that they are true and accurate.

Dated: New York, New York
      May 9, 2022

                                              _____
                                                      Daniel J. Barsky

## **Verification**

I declare under penalty of perjury that I have reviewed the statements in this Declaration and that they are true and accurate.

Executed in _____, _____ on May ____, 2022.

_____
Daniel J. Barsky